UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SAVOIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2294** |
| **INLAND DREDGING COMPANY, LLC** | **SECTION: H(1)** |

### ORDER AND REASONS

Before the Court is Plaintiff Joseph Savoie's Motion in Limine for Sanctions for Defendant Inland Dredging Company's Spoliation of Evidence (Doc. 22). For the following reasons, this Motion is **DENIED**.

### BACKGROUND

This case arises out of an injury that Plaintiff allegedly suffered while working on a dredge, the M/V INGENUITY, owned and operated by Defendant Inland Dredging Company, LLC. At the time of the incident, May of 2018, Plaintiff was employed by Defendant as the dredge captain of the INGENUITY. During that time, the INGENUITY was located in Port Arthur, Texas, and was assigned to a project to build a dock for a company, GT

1

Logistics. Amid this project, a bearing on one of the dredge's pumps broke and had to be replaced. After completing the repairs, Plaintiff helped put an impeller back on the main pump. Plaintiff alleges that as a result of Defendant's negligence and the INGENUITY's unseaworthiness, the impeller "jumped back" and threw him against the wall, causing severe and disabling injuries.[1] Filing suit in August of 2020, Plaintiff asserted claims under the Jones Act and general maritime law, seeking damages and benefits in the form of maintenance and cure.

Now before the Court is Plaintiff's Motion in Limine for Sanctions for Inland Dredging Company's Spoliation of Evidence.[2] Plaintiff seeks an adverse inference on the grounds that Defendant destroyed relevant documents from on or around May 18, 2018, the date of Plaintiff's alleged injury.[3] Plaintiff points out that Defendant's discovery disclosures lack any daily logs from the INGENUITY dating from May 14 to 19.[4] Plaintiff also notes that Defendant's disclosures include Dredge Equipment Inventory Reports from May 17 and 19, but not from May 18.[5]

Defendant argues that the documents that Plaintiff identifies as missing either never existed in the first place or were lost inadvertently.[6] Nathaniel Wood, Defendant's Safety Director, indicated that not all types of reports were

---

[1] *See* Doc. 14, ¶ XI.
[2] *See* Doc. 22.
[3] *See* Doc. 22-2 at 7–8.
[4] *See id.*
[5] *Id.* at 8.
[6] *See* Doc. 27 at 2.

generated on the dredge every day.[7] For example, if the INGENUITY was not actively dredging material—as Plaintiff alleges was the case on May 18 due to the broken pump bearing—then daily logs were not necessarily kept. According to Defendant, even if the documents Plaintiff seeks were created, there is no evidence of intentional destruction of them.

## **LAW AND ANALYSIS**

In his Motion, Plaintiff invokes the spoliation of evidence doctrine. "The spoliation of evidence doctrine concerns the intentional destruction of evidence."[8] "If a party intentionally destroys evidence, the trial court may impose sanctions on the responsible party."[9] "Federal district courts have the inherent power to issue sanctions, but such power 'must be exercised with restraint and discretion.'"[10] "The preferred sanction in [the context of spoliation] is 'the well-established and long-standing principle of law that a party's intentional destruction of evidence relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction.'"[11]

---

[7] *See* Doc. 27-5.
[8] Williams v. C Martin Co., No. 07–6592, 2014 WL 1652438, at *3 (E.D. La. Apr. 24, 2014) (citing Lafayette Ins. Co. v. CMA Dishmachines, No. Civ.A. 03-1098, 2005 WL 1038495, at *3 (E.D. La. Apr. 26, 2005)).
[9] *Id.* (citing Savarese v. Pearl River Navigation, No. 09–129, 2010 WL 1817758, at *2 (E.D. La. Apr. 30, 2010)).
[10] Collins v. Benton, NO. 18-7465, 2021 WL 5283974, at *3 (E.D. La. Nov. 12, 2021) (quoting Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993) (internal quotations omitted)).
[11] *Id.* (alteration added) (quoting Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998), *cert. denied*, 531 U.S. 1078 (2001)).

"To find spoliation of evidence, the court must first determine: (1) the existence of a duty to preserve the information; (2) a culpable breach of that duty; and (3) resulting prejudice to the innocent party."[12] "A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation."[13] Regarding culpability, the Fifth Circuit permits "an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of 'bad faith' or 'bad conduct.'"[14] "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence."[15] Lastly, "the prejudice element is satisfied 'where a party's ability to present its case or to defend is compromised.'"[16]

Plaintiff argues that Defendant's duty to preserve the allegedly missing documents arose when his counsel sent Defendant an email in January of 2020.[17] The email informed Defendant that Plaintiff allegedly suffered an injury during the GT Logistics job and requested that Defendant provide any logs from that job.[18] As for evidence of bad faith, Plaintiff avers that Defendant

---

[12] Berkley v. Lafayette Cnty., NO.: 3:19-cv-217, 2021 WL 6755480, at *2 (N.D. Miss. Dec. 3, 2021) (citing Rimkus Consulting Grp., Inc. v. Cammarata, 688 F. Supp. 2d 598, 612, 615–16 (S.D. Tex. Feb. 19, 2010)).
[13] Hunt v. Marquette Transp. Co. Gulf–Inland, LLC., No. 09–6055, 2011 WL 3924926, at *2 (E.D. La. Aug. 5, 2011) (citing *Rimkus*, 688 F. Supp. 2d at 615–616).
[14] Guzman v. Jones, 804 F.3d 707, 713 (5th Cir. 2015) (quoting Condrey v. SunTrust Bank of Ga., 431 F.3d 191, 203 (5th Cir. 2005)).
[15] *Id.* (citing Mathis v. John Morden Buick, Inc., 136 F.3d 1153, 1155 (7th Cir. 1998)); *see also* Vick v. Tex. Emp. Comm'n, 514 F.2d 734, 737 (5th Cir. 1975) ("Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case.").
[16] Ashton v. Knight Transp., Inc., 772 F. Supp. 2d 772, 801 (N.D. Tex. Feb. 22, 2011) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 532 (D. Md. 2010)).
[17] *See* Doc. 22-1 at 10.
[18] *See* Doc. 22-12.

4

has no adequate explanation for the missing documents and that its delays in turning over documents during discovery, as well as its treatment of Plaintiff post-accident, rise to the level of bad faith.[19] Defendant counters that it has an explanation for both the missing documents and discovery disputes, and that its firing of Plaintiff a year after the alleged incident is not relevant to bad faith for spoliation purposes.[20]

      The Court agrees with Defendant on this point. While Plaintiff may not agree with Defendant's characterizations of the missing documents as either non-existent or misplaced, he has not cast doubt on these explanations with any evidence of intentional destruction. Additionally, much of the discovery disputes resulted from Plaintiff's own inability to recall or discover the date of his injury, leading to confusion as to the scope of documents requested. The cases that Plaintiff cites in support of a finding of bad faith involve egregious conduct by the defendants and are thus not comparable to this case.[21] Finally, Defendant's handling of Plaintiff's employment status has no bearing on the intentional destruction of documents from the INGENUITY. Thus, Plaintiff cannot satisfy an essential element of his spoliation claim, and his motion must be denied.

---

[19] *See* Doc. 22-1 at 11–12.
[20] *See* Doc. 27 at 12–14.
[21] *See* Doc. 22-1 at 11.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine for Sanctions for Defendant Inland Dredging Company's Spoliation of Evidence (Doc. 22) is **DENIED**.

New Orleans, Louisiana this 22nd day of March, 2022

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**