UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH SAVOIE | CIVIL ACTION |
| VERSUS | NO. 20-2294 |
| INLAND DREDGING COMPANY LLC | SECTION: H(1) |

### ORDER AND REASONS

Before the Court is Defendant Inland Dredging Company, LLC's Motion for Partial Summary Judgment on Maintenance and Cure (Doc. 41). For the following reasons, this Motion is **DENIED**.

### BACKGROUND

This case arises out of an injury that Plaintiff allegedly suffered while working on a dredge, the M/V INGENUITY, owned and operated by Defendant Inland Dredging Company, LLC ("Inland Dredging"). At the time of the incident, May of 2018, Plaintiff was employed by Inland Dredging as the dredge captain of the INGENUITY. Plaintiff previously worked for Inland Dredging from 2002 to 2009 and was rehired in 2015. In May of 2018 the

1

INGENUITY was located in Port Arthur, Texas, and was assigned to a project to build a dock. During this project, a bearing on one of the dredge's pumps broke and had to be replaced. After completing the repairs, Plaintiff helped put an impeller back on the main pump. Plaintiff alleges that as a result of Defendant's negligence and the INGENUITY's unseaworthiness, the impeller "jumped back" and threw him against the wall, causing injuries to his back.[1] Plaintiff asserts claims against Inland Dredging under the Jones Act and general maritime law, seeking damages and benefits in the form of maintenance and cure.

Now before the Court is Inland Dredging's Motion for Partial Summary Judgment on Maintenance and Cure. Inland Dredging asks this Court to declare that Plaintiff is not entitled to maintenance and cure under the Fifth Circuit's decision in *McCorpen v. Central Gulf S.S. Corp*.[2] Plaintiff opposes.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

---

[1] *See* Doc. 14 at ¶ XIII.
[2] 396 F.2d 547 (5th Cir. 1968).
[3] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[8] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

---

[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

"An employer owes damages for maintenance and cure to any seaman who suffers injury during his employment on a vessel, regardless of fault."[11] "A seaman's employer may, however, rely on certain legal defenses, such as the *McCorpen* defense, to deny claims for maintenance and cure."[12] In *McCorpen*, the Fifth Circuit held that an employer is relieved of the obligation to pay maintenance and cure when the seaman conceals or misrepresents the facts of a prior condition or injury in connection with an application for employment.[13] To prevail on this defense, "an employer must show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."

Inland Dredging argues that Plaintiff is not entitled to maintenance and cure for his alleged back injuries because when he was re-hired in 2015 he failed to disclose a history of lower back pain.[14] Inland Dredging presents evidence that Plaintiff underwent an MRI in 2005 that revealed "[m]ild disc

---

[11] Foret v. St. June, LLC, No. 13–5111, 2014 WL 4539090, at *2 (citing Johnson v. Cenac Towing, Inc., 544 F.3d 296, 301 (5th Cir. 2008)).
[12] Dauzat v. Weeks Marine, Inc., No. 14-3008, 2016 WL 3167662, at * (E.D. La. June 7, 2016) (internal quotations omitted).
[13] *McCorpen*, 396 F.2d at 549; *see also* Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 170–71, 173 (quoting *McCorpen*, 396 F.2d at 549 ("[W]here the [employer] requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure.")).
[14] *See* Doc. 41-3 at 3.

bulges . . . present at several levels, with the L1-2 bulge being slightly more prominent."[15] In 2013 Plaintiff visited Dr. Elizabeth Collins for a checkup, and one of his complaints was "LBP [lower back pain] for one week."[16] Dr. Collins prescribed Plaintiff medicine for his lower back pain as a result.[17] Then Plaintiff visited Dr. Collins again in early 2015, before starting with Inland Dredging, and complained that "LBP started 10 days ago."[18]

Inland Dredging contends that Plaintiff misrepresented this history when completing his pre-employment forms and thus should be barred from receiving maintenance and cure. Inland Dredging bears the burden of proving each element of the *McCorpen* defense by presenting evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial.[19] If Inland Dredging is able to do so, then the burden shifts to Plaintiff to identify competent summary judgment evidence establishing a genuine issue of material fact.[20] Inland Dredging is entitled to summary judgment as to maintenance and cure only if it can prove an absence of disputed material facts with respect to each of the three elements of the *McCorpen* defense. This Court finds that Inland Dredging is unable to do so for the second and third elements and addresses each in turn.

---

[15] Doc. 41-7 at 2.
[16] Doc. 41-8 at 2.
[17] *Id.* at 3.
[18] Doc. 41-9 at 2.
[19] *See Dauzat*, 2016 WL 3167662, at *3 (citing Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263–64 (5th Cir. 1991)).
[20] *See id.*

## I. Materiality

The second prong of the *McCorpen* defense requires Inland Dredging to prove that the concealed or misrepresented facts were material to its decision to hire Plaintiff. Typically, "[t]he fact that an employer asks a specific medical question on an application, and that question is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purposes of this analysis."[21] However, "[a] triable issue of fact exists when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries."[22] Inland Dredging need not establish that it would not have hired Plaintiff had his back problems come to light—only that, for example, it would have subjected Plaintiff to additional tests or questions.[23]

In support of the materiality element, Inland Dredging presents the declaration of Nathaniel Woods, Jr., Safety Director for Encore Dredging Partners, LLP.[24] Mr. Woods stated that "[i]f the answers to any pre-employment questionnaire or the pre-employment medical evaluation reveal any pre-existing condition, the candidate *may be* referred for further in-depth medical review."[25] Plaintiff, however, controverts this evidence with documentation that Mr. Woods joined Inland Dredging in 2017, two years after

---

[21] *Brown*, 410 F.3d at 175.
[22] Hare v. Graham Gulf, Inc., 22 F. Supp. 3d 648, 654 (E.D. La. 2014) (citing Jauch v. Nautical Servs., Inc., 470 F.3d 207, 212 (5th Cir. 2006)).
[23] *See* Ramirez v. Am. Pollution Control Corp., 418 Fed. Appx. 287, 290–91 (5th Cir. 2011) (finding no issue of fact as to materiality where employee testified that the plaintiff could have been eligible for further medical evaluation).
[24] Encore acquired Inland Dredging in 2021.
[25] Doc. 41-4 at 1 (emphasis added).

Plaintiff was hired. Mr. Woods does not say that the above policy was in effect at Inland Dredging in 2015. Thus, as it stands, Mr. Woods's testimony cannot prove that Inland Dredging's 2015 hiring decision would have been affected because Mr. Woods was not affiliated with the organization in 2015.[26]

Even assuming that Mr. Woods, Jr.'s declaration speaks to Inland Dredging's policy in 2015, the Court nevertheless finds that his statement is not dispositive and that there are material issues of fact as to whether any further medical review would have taken place. Mr. Woods, Jr. only says that the candidate *may* have been referred further. The 2005 MRI revealed relatively benign injuries and was taken while Plaintiff was employed by Inland Dredging.[27] Plaintiff was apparently able to continue working with Inland for four years after the scan. As to the other two medical reports from visits to Dr. Collins, the Court notes that on both occasions back pain was not the primary reason for the visit but was instead a secondary concern.[28] Accordingly, the Court finds material issues of fact as to the materiality element.

## II. Causal Connection

Even if Inland Dredging could present sufficient evidence as to materiality, the Court would still deny summary judgment because of the third

---

[26] *Cf. Dauzat*, 2016 WL 3167662, at *3–4 (finding a genuine issue of material fact as to materiality because the defendants' affidavit from their risk management director, who said he had authority to block an applicant's employment based upon past medical conditions, was contradicted by his deposition testimony, which referred to his ability to merely make recommendations to another individual with ultimate authority).
[27] *See* Doc. 41-7.
[28] *See* Docs. 41-8, 41-9.

element—the connection between the withheld information and the injury at issue. Inland Dredging notes that this connection is presumed when the pre-employment condition and post-accident injury involve the same body part.[29] Indeed, "[c]ausality can be established by showing that the previous injury and the new injury occurred in the same location on the body."[30] "The present injury need not be identical to the previous injury."[31] "All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage."[32] Inland Dredging argues that "the post accident [sic] condition of [Plaintiff's] lower back is, if not identical, substantially similar to the condition of his lower back prior to 2018."[33]

The Court is not persuaded by this argument for a number of reasons. First, the relevant time period to compare with Plaintiff's current condition is not prior to 2018 but rather before September of 2015, when he was hired. Second, as Plaintiff points out, it is not at all clear that his back issues from before September of 2015 affected the same area as his alleged post-accident back problems.[34] For example, the 2005 MRI mentions a "[m]ild L1-2 disc bulge," whereas the 2018 MRI identifies both the mild bulge at L1-2 and moderate foraminal stenosis at L3-4, L4-5, and L5-S1.[35] The sole pathology

---

[29] *See* Doc. 41-3 at 12.
[30] Dennis v. ESS Support Servs. Worldwide, No. 15-1690, 2016 WL 3689999, at *5 (E.D. La. July 12, 2016) (citing *Brown*, 410 F.3d at 176).
[31] *Id.*
[32] *Brown*, 410 F.3d at 176 (quoting Quiming v. Int'l Pac. Enters., Ltd., 773 F. Supp. 230, 236 (D. Haw. 1990)).
[33] Doc. 41-3 at 13.
[34] *See* Doc. 42 at 12–13.
[35] *Compare* Doc. 41-7, *with* Doc. 41-19.

8

reported in the 2005 MRI—the L1-2 mild bulge—remained unchanged in 2018. Inland Dredging presents no testimony linking Plaintiff's pre-employment condition affecting L1-2 to his alleged post-accident injuries to other discs.

Third and finally, Inland Dredging overstates Plaintiff's complaints of back pain prior to being hired in 2015. The 2005 MRI specifically notes that any mild disc bulges identified "are not associated with neural compression" and reflect "no evidence of spinal stenosis."[36] Besides this MRI, Inland Dredging presents a record from a 2013 checkup with Dr. Collins, which mentions back pain only in connection with Plaintiff's recent job sitting in a crane for 16 hours a day.[37] The last piece of Inland Dredging's pre-employment evidence, a 2015 checkup, merely mentions "LBP" and clearly documents Plaintiff's other medical issues more extensively.[38] Without more, Inland Dredging has failed to prove a causal connection between Plaintiff's pre-existing condition, if any, and his current alleged injuries.[39] Accordingly, the Court denies summary judgment to Inland Dredging.

## CONCLUSION

For the foregoing reasons, Inland Dredging's Motion for Partial Summary Judgment on Maintenance and Cure (Doc. 41) is **DENIED**.

---

[36] Doc. 41-7 at 2.
[37] *See* Doc. 41-8.
[38] *See* Doc. 41-9.
[39] *Cf.* Parker v. Noble Drilling Corp., No. CIV. A. 98-1196, 1999 WL 104414, at *2 (E.D. La. Feb. 19, 1999) (denying summary judgment because employer failed to demonstrate a pre-existing condition or disability at all, proving only that the plaintiff had complained of back pain on a prior occasion).

reported in the 2005 MRI—the L1-2 mild bulge—remained unchanged in 2018. Inland Dredging presents no testimony linking Plaintiff's pre-employment condition affecting L1-2 to his alleged post-accident injuries to other discs.

Third and finally, Inland Dredging overstates Plaintiff's complaints of back pain prior to being hired in 2015. The 2005 MRI specifically notes that any mild disc bulges identified "are not associated with neural compression" and reflect "no evidence of spinal stenosis."[36] Besides this MRI, Inland Dredging presents a record from a 2013 checkup with Dr. Collins, which mentions back pain only in connection with Plaintiff's recent job sitting in a crane for 16 hours a day.[37] The last piece of Inland Dredging's pre-employment evidence, a 2015 checkup, merely mentions "LBP" and clearly documents Plaintiff's other medical issues more extensively.[38] Without more, Inland Dredging has failed to prove a causal connection between Plaintiff's pre-existing condition, if any, and his current alleged injuries.[39] Accordingly, the Court denies summary judgment to Inland Dredging.

## CONCLUSION

For the foregoing reasons, Inland Dredging's Motion for Partial Summary Judgment on Maintenance and Cure (Doc. 41) is **DENIED**.

---

[36] Doc. 41-7 at 2.
[37] *See* Doc. 41-8.
[38] *See* Doc. 41-9.
[39] *Cf.* Parker v. Noble Drilling Corp., No. CIV. A. 98-1196, 1999 WL 104414, at *2 (E.D. La. Feb. 19, 1999) (denying summary judgment because employer failed to demonstrate a pre-existing condition or disability at all, proving only that the plaintiff had complained of back pain on a prior occasion).

New Orleans, Louisiana this 13th day of May, 2022

_____
 **JANE TRICHE MILAZZO**
 **UNITED STATES DISTRICT JUDGE**